IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| WILLIAM KENNETH YOUNG and ANGELA ANITA YOUNG, | ) ) ) ) ) | District Court No. 1:06CV00781 |
| Appellants, | ) ) | |
| v. | ) ) ) | Bankruptcy Court No. B-04-53818 |
| ANNIE MAE YOUNG, | ) ) | |
| Appellee. | ) | |

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

Appellants William Kenneth Young and Angela Anita Young are appealing a decision by the U.S. Bankruptcy Court for the Middle District of North Carolina allowing Appellee Annie Mae Young to lift the automatic stay in order to pursue a non-monetary fraud claim in state court. Appellants contend that the Bankruptcy Court erred in modifying the automatic stay because Appellee's failure to preliminarily file a proof of claim as required in 11 U.S.C. § 502 barred the court from considering her request. Now before this court is the issue of whether the Bankruptcy Court's decision to lift the stay was appropriate.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts of this matter are uncontested. Appellee is the aunt of Appellant Angela Anita Young and is the third wife of

Appellant William Kenneth Young's father.  In Appellee's divorce settlement with William Young's father, she became the owner of a life estate in the residence at 1259 Sam Young Road ("1259 property").  Afterwards, she entered into an agreement with Appellants, owners of a residence at 1192 Sam Young Road ("1192 property"), that provided for an exchange in residences. Appellee contends that at the time the exchange was made, Appellants represented to her that the 1192 property was free and clear of liens when in fact it was encumbered by a mortgage. Upon discovering the mortgage, Appellee sought, inter alia, recision of the deed in the Stokes County District Court.  She claimed that Appellants defrauded her into exchanging her residence for theirs.  Shortly after Appellee filed her complaint in state court, Appellants filed for bankruptcy.

During the bankruptcy proceeding, Appellee[1] was given notice of the deadline for filing a proof of claim.  Appellee did not submit a proof of claim to the court by the May 12, 2005, bar date, nor did she object to the proposed order establishing the Appellants' Chapter 13 plan ("plan").  Nearly a year later, Appellant Mrs. Young became ill and voluntarily committed herself to a hospital.  As a result, Appellants filed a motion to modify the plan in order to release certain pieces of property so that

---

[1] Appellee had retained counsel at the time notice was issued.

they could be sold to pay some of Appellants' debt.[2]  The
Bankruptcy Court granted the motion, releasing, among other
things, the 1192 property in which Appellee resided.

In response, Appellee filed a motion to modify the automatic
stay created by the bankruptcy proceeding.  She sought from the
Bankruptcy Court permission to lift the stay in order to pursue
her non-monetary claims for recision and fraud concerning the
property exchange in state court.  Judge Carruthers granted
Appellee's motion, allowing the state court proceeding to
continue with the exception that any final state court judgment
would need approval of the Bankruptcy Court before becoming
effective.  Appellants now appeal this decision.

**II. LEGAL STANDARD**

Though both parties submit that a district court reviews
findings of fact under a clearly erroneous standard and reviews
de novo any questions of law, Appellee later claims that the
court should review the decision to lift an automatic stay under
the abuse of discretion standard.  See In re Campbell, 812 F.2d
1465 (4th Cir. 1987) (A district court reviews findings of fact
under a clearly erroneous standard and conclusions of law under a
de novo standard.); In re Robbins, 964 F.2d 342 (4th Cir. 1991)
(A decision to overturn the lifting of an automatic stay will be
reversed only for an abuse of discretion.).  In this matter, the

---

[2] Appellee did not object to the motion to modify.

court is reviewing the Bankruptcy Judge's decision to lift the stay in order for Appellee to pursue a non-monetary equitable claim in state court. Though the decision to do so involved the Bankruptcy Judge's interpretation of the law, her decision will be reviewed under the abuse of discretion standard, giving her interpretation deference.[3]

**III. ANALYSIS**

The issue before this court is whether the Bankruptcy Judge erroneously lifted the stay by permitting Appellee to pursue her non-monetary suit in state court against Appellants concerning the 1192 property. Appellants maintain that the decision to lift the stay offends modern bankruptcy jurisprudence, which prohibits any party from pursuing a legal cause of action unless proof of a claim was filed before the deadline set by a bankruptcy court. In order to determine whether Appellee's suit in state court is barred by her failure to file a proof of claim, the court must analyze the term "claim" as it is defined by bankruptcy law.

Generally, a party may not pursue a claim in a Chapter 13 bankruptcy proceeding against a debtor after the initiation of an automatic stay unless that party satisfies the condition precedent of filing proof of such a claim with the court. See 11

---

[3] The district court's conclusion in this matter could be reached under both a de novo standard as well as that for abuse of discretion because the Bankruptcy Judge's interpretation of the law is correct.

4

U.S.C. § 502; <u>United States v. Waindel</u>, 65 F.3d 1307, 1312-14 (5th Cir. 1995); <u>In re Zimmerman</u>, 156 B.R. 192, 197 (Bankr. W.D. Mich. 1993).[4]  The term "claim," however, does not necessarily pertain to all forms of legal causes of action.  The plain language of the statute defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  11 U.S.C. § 101(5)(A).  A claim can also be a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."  <u>Id.</u> § 101(5)(B).

Congress, as well as the courts, has given the term "claim" a broad meaning.  See <u>Grady v. A.H. Robins Co., Inc.</u>, 839 F.2d 198, 201 (4th Cir. 1988).  In fact, the definition of the term is so overly encompassing that it stretches beyond the plain language in the statute and includes equitable claims that are non-monetary in nature but have the alternative remedy of money damages.  See <u>In re Udell</u>, 18 F.3d 403, 408 (7th Cir. 1994); <u>In re Indian River Estates, Inc.</u>, 293 B.R. 429, 434 (Bankr. N.D.

---

[4] There are some listed exceptions to the limitations imposed on parties who do not file a proof of claim in accordance with 11 U.S.C. § 501, but none of those are applicable in this case.

5

Ohio 2003). The liberal interpretation of this term, however, does not lead to the conclusion that every legal action against a debtor qualifies as a "claim" for purposes of the statute. Such a reading of the statute would essentially ignore the right to payment language deliberately created by Congress to prevent the term "claim" from overreaching into areas of the law better handled outside of the bankruptcy courts.

The proper and logical interpretation of the term "claim" should necessarily exclude equitable causes of action where the only remedy sought by and acceptable to a plaintiff is that for non-monetary relief. This reading of the statute neither offends Congress' intention of giving "claim" a broad meaning, nor prevents the courts from upholding the term's purpose. In fact, it supports modern jurisprudence. When courts reiterate the idea that the term "claim" should be given the broadest possible meaning, that interpretation ultimately involves situations where the right to a payment exists. See Grady, 839 F.2d at 202-04. Courts have stated that "[t]he key . . . in determining whether an equitable remedy gives rise to a claim under bankruptcy law is to ascertain whether the equitable remedy would also give rise to a right to payment; that is, could a monetary award substitute for the equitable remedy." In re Indian River Estates, Inc., 293 B.R. at 434 (citation omitted). Therefore, in situations where "the only remedy allowed by law is non-monetary, the equitable

6

remedy is not transformed into a claim." In re Aslan, 65 B.R. 826, 830-31 (Bankr. C.D. Cal. 1986).

In this case, the legal cause of action brought by Appellee is non-monetary in nature. Appellee requests the state court to set aside the conveyances of the Sam Young Road properties on account of fraud rather than seeking a monetary remedy. More specifically, Appellee "[does] not seek to recover the value of the property, but only the property itself." Irizarry v. Schmidt, 171 B.R. 874, 879 (Bankr. Fed. App. 1994).[5] Such a cause of action does not qualify as a "claim" under bankruptcy law because it carries no right to a monetary payment. Accordingly, the failure to file a proof of claim has no bearing on Appellee's right to pursue her state court action.

The consequences of reaching this decision do not deprive Appellants of the intended benefits and protections that bankruptcy law affords. In addition to Appellee's affirmation that she will seek only non-monetary remedies, Appellants are further protected by the Bankruptcy Judge's order because it limits the relief from the stay to non-monetary causes of action, and it requires any state court judgment to be approved by the Bankruptcy Court. If a state court granted Appellee a monetary

---

[5] In reaching its decision in Irizarry v. Schmidt, the court referenced both: In re Davis, 3 F.3d 113 (5th Cir. 1993) and Johnson v. Home State Bank, 501 U.S. 78, 111 S. Ct. 2150 (1991).

7

award, such an award could readily be rejected and nullified by the Bankruptcy Judge.

**IV. CONCLUSION**

For the reasons stated above, the ruling of the Bankruptcy Court is AFFIRMED.

This the 28th day of February 2007.

                                                         */s/ William L. Osteen*
                                                     United States District Judge